IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEEN D. FAIRLY,<br><br>　　　　　Petitioner,<br><br>　　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. CV-F-10-1116 OWW<br>(No. CR-F-95-5193 MDC)<br><br>MEMORANDUM DECISION AND ORDER DEEMING PETITIONER'S PETITION FOR RELIEF FROM JUDGMENT UNDER ALL WRITS ACT TO BE SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, DISMISSING DEEMED SECTION 2255 MOTION FOR LACK OF JURISDICTION, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

　　On June 22, 2010, Petitioner Rasheen D. Fairly, proceeding *in pro per*, filed a "Writ for Relief from Judgment under the All Writs Act Pursuant to 28 U.S.C. § 1651(a)."[1]

　　Petitioner is a federal inmate incarcerated at USP

---

[1] **For administrative reasons, Petitioner's petition was docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.**

1

Victorville, Adelanto, California.

Petitioner was charged in this Court with conspiracy to possess cocaine based with intent to distribute, possession of cocaine base with intent to distribute, using a firearm in connection with a drug trafficking offense, and with being a felon in possession of a firearm. *United States v. Fairly, et al.,* No. CR-F-95-5193 MDC, United States District Court for the Eastern District of California.  Following Petitioner's arraignment, Respondent gave oral and written notice that it intended to seek enhanced penalties based on Petitioner's prior felony drug convictions for possession of cocaine for sale and for transporting and distributing a non-narcotic controlled substance.  Petitioner was convicted of each charge and sentenced to life imprisonment pursuant to 21 U.S.C. § 851.  Petitioner's conviction and sentence were affirmed on appeal. *See United States v. Candler, et al.*, 1998 WL 4727 (9th Cir., Jan. 8, 1998).

On October 15, 1998, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on the ground that defense counsel was constitutionally ineffective because of the failure to argue that Petitioner's 1990 conviction was not a qualifying drug conviction for sentence enhancement under 21 U.S.C. §§ 841 and 851, because the substance involved was not a narcotic drug. The Section 2255 motion was denied on December 14, 1998 and a certificate of appealability was denied on March 3, 1999.  The Ninth Circuit denied a certificate of appealability on January 28, 2000.

On March 13, 2001, Petitioner filed a second Section 2255 motion and a motion for downward departure based on *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Petitioner's second Section 2255 motion was denied on November 26, 2001 and a certificate of appealability was denied on February 4, 2002. The Ninth Circuit denied a certificate of appealability on June 17, 2002.

In 2003, Petitioner petitioned for a writ of *coram nobis* in the state trial court where the challenged conviction occurred, presenting essentially the same claim asserted in his Section 2255 motions.[2] The state trial court denied the writ and, on November 2, 2004, the California Court of Appeal affirmed the denial in an unpublished opinion.

On January 8, 2005, Petitioner sought leave from the Ninth Circuit to file another Section 2255 motion, asserting that "newly discovered facts, presented in a state court opinion,' *i.e.,* the California Court of Appeal decision noted immediately above, "proved that petitioner was factually innocent of the state" conviction he had challenged earlier as being invalid. On May 12, 2005, the Ninth Circuit denied leave to file a third Section 2255 motion.

---

[2]**The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.** *See* **Fed. R. Evid. Rule 201(b);** *United States v. Howard*, **381 F.3d 873, 876, fn.1 (9th Cir. 2004). The Court takes judicial notice of the Report and Recommendation of United States Magistrate Judge filed on June 4, 2008 in** *Fairly v. United States*, **No. CV-08-03471 JVS (RZ), United States District Court for the Central District of California, which Report and Recommendation was adopted by Order filed on July, 2, 2008.**

On August 31, 2005, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, asserting that relief under Section 2241 was available because Petitioner had not had one "unobstructed procedural shot" at presenting his claim. *Fairly v. Norwood*, No. CV-05-6458 JVS (RZ). In the Report and Recommendation to deny Petitioner's Section 2241 petition filed on July 10, 2006, the Central District ruled that Petitioner was not entitled to proceed pursuant to Section 2241 because he had not satisfied the "escape hatch" to Section 2255's exclusivity provision:

> Here, opening the 'escape hatch' is unwarranted. First, contrary to his assertions here, Petitioner does not rely on newly-discovered evidence of actual innocence. He points to the California Court of Appeal's 'new' statement, in its 2004 opinion affirming the denial of *coram nobis* relief, that indeed Petitioner did plead guilty to a crime despite the absence of a factual basis for that particular crime. But as that court explained, such is a distinction without a difference because Petitioner knowingly accepted the plea deal:
>
>> Fairly [claims] the judgment should be vacated because, while Fairly represented the substance as cocaine, the crime to which he pled guilty, section 11382, does not prohibit the sale or attempted sale of cocaine.
>>
>> Section 11382 criminalizes the sale or the offer to sell substances listed [in certain schedules and statutes]. The People concede that cocaine is not included in any of these lists. Section 11352, on the other hand, criminalizes the sale of or the offer to sell various controlled substances, including

4

1     cocaine base and its derivatives.

2     When a defendant is prosecuted for offering to sell a controlled
3     substance, both sections 11382 and 11352 require the specific intent
4     to sell the controlled substance. [Citations.] [The California
5     Supreme Court has] held that when the defendant did not intend to
6     sell a controlled substance, but instead delivered a substitute
7     substance, he or she could not be convicted of violating section
8     11352 because the specific intent to sell the controlled substance is
9     missing. [The same state supreme court decision] also noted that
10     when a defendant offers to sell a controlled substance, but instead
11     intends to, or actually does, substitute a non-narcotic, the
12     behavior is criminalized by section 11355. [Citation.]

13

    It is unclear why the prosecution
14     amended count one to reflect a violation of section 11382 before
15     taking Fairly's plea. Perhaps the substance Fairly attempted to sell
16     did not contain cocaine, but it did contain some other substance
17     included within section 11382's definition of controlled
18     substances. It is also possible that the parties, realizing that
19     the substance delivered would not support a section 11352
20     prosecution, simply misstated the statute that should have been
21     charged.

22     It is clear that Fairly accepted an attractive plea agreement and did
23     not complain or voice any concern when the charge was amended to a
24     violation of section 11382. It is also clear that the penalty for
25     violating [the correct section,] section 11355[,] was the same as
26     the penalty for violating section

11382. Both statutes required imprisonment in county jail for one year, or in state prison. Violation of either statute is a felony. [Citation.]

It is also clear that this error does not meet the requirements for *coram nobis* relief. First, because the plea agreement did not specify the punishment to be imposed, the trial court was not required to establish a factual basis for the plea. [Citation.] This is significant because Fairly is, in essence, claiming there was not a factual basis for his plea.

Second, Fairly has not presented any new facts that would justify granting his petition. The facts on which this motion is based are Fairly's offer to sell cocaine and the subsequent testing that revealed the substance was not cocaine, and apparently not a controlled substance. The record establishes that all parties were aware of these facts at the time the trial court accepted Fairly's plea

If error occurred, it was legal error. Fairly's counsel could have pointed out that the facts of the case should have resulted in a charge that Fairly violated section 11355, not section 11382. We cannot conclude, however, that Fairly's counsel was ineffective because there may have been other tactical issues that led to the decision to plead guilty to violating section 11382, including permitting Fairly to receive a suspended sentence and enter a drug rehabilitation program.

Fairly claims that his trial counsel failed to explain adequately the charge to which he

>pled guilty. There does not appear to be any possible benefit to Fairly, however, to such a discussion because a refusal to plead to a section 11382 violation simply would have resulted in an amendment of the complaint to [allege] a section 11352 violation. He does not challenge the conduct that resulted in his conviction.
>
>Finally, even if we assume that a factual error occurred, Fairly has not established that the facts on which he relies were not known to him and could not have been discovered by him through the exercise of reasonable diligence in a more timely manner. Fairly's argument is essentially that no one told him that he pled guilty to the wrong crime. The statutes and cases have at all times remained available for review. That he did not do so, or did not feel the need to do so, until he was convicted of another crime and received an enhanced sentence as a result of this conviction is not the type of delay permitted when seeking *coram nobis* relief.

Ex. M to Pet'n at 5-7. Petitioner's assertions that the California Court of Appeal's concession that 'he pled guilty to the wrong crime' supplies 'new evidence' of his actual innocence lack merit. (If the Ninth Circuit had believed otherwise, it could have granted Petitioner's 2005 request for leave to file a third § 2255 motion. Even if he did, it would be incumbent upon him to obtain the Ninth Circuit's leave for doing so before proceeding - and in the Eastern District rather than this district.

Petitioner strenuously argues that he is one of the rare prisoners who should obtain § 2241 'escape hatch' review of a claim of factual innocence because he never had even one 'unobstructed procedural shot' at presenting such a claim. *See Lorentsen*, 223

> 1  F.3d at 954. Such is plainly incorrect.
> Petitioner has had many 'unobstructed
> 2  procedural shots' at presenting his claims,
> which are based on long-known facts and
> 3  unchanged law. He presented his current
> claim (1) to the Eastern District of
> 4  California in 1998 and 2001; (2) to the Ninth
> Circuit after each rejection in the Eastern
> 5  District, and again in 2005 in seeking leave
> to file a third § 2255 motion; and (3) to the
> 6  California courts on *coram nobis*. Those
> courts rejected his current claim on its
> 7  merits. Thus, the 'escape hatch' remains
> closed. The Court should dismiss the action
> 8  without prejudice to Petitioner's pursuit of
> his claims in the Eastern District or the
> 9  Ninth Circuit Court of Appeals.

Judge Selna of the Central District adopted this Report and Recommendation on August 16, 2006 and entered judgment dismissing Petitioner's 2005 Section 2241 petition. Petitioner sought to appeal but both the Central District and the Ninth Circuit denied certificates of appealability.

On November 7, 2006, Petitioner filed a "Motion to Challenge the Validity of a Prior Conviction Pursuant to 21 U.S.C. § 851(c)(2), On the Basis of Good Cause," in the Eastern District of California, *Fairly v. United States,* No. CV-F-06-1588 OWW/WMW HC. Petitioner's motion was docketed as a petition for writ of habeas corpus pursuant to Section 2241. The United States moved to dismiss the deemed Section 2241 petition for lack of jurisdiction, contending that, because Petitioner attacks his underlying conviction and sentence, rather than the implementation of his sentence, Petitioner's motion must be construed as a successive Section 2255 motion for which Petitioner must obtain prior authorization from the Ninth

Circuit.  By Order filed on February 13, 2008, the Court, unaware of the 2006 proceedings in the Central District, ruled:

> Respondent argues that to the extent that he relies solely on the prohibition against successive petitions, Petitioner is not entitled to utilize the § 2255 savings clause.  However, Petitioner does not rely on that prohibition to justify proceeding under § 2241.  Rather, Petitioner argues extensively that he has made the necessary showing of actual innocence and the lack of an earlier opportunity to raise his claim so as to demonstrate that § 2255 is inadequate or ineffective in his case.  Respondent, who did not file a reply to Petitioner's opposition, has not addressed that argument.  Accordingly, the court finds that Respondent has not demonstrated that Petitioner may not properly proceed in this action under § 2241.

Respondent moved for reconsideration on the ground, contending *inter alia,* that this Court lacks jurisdiction to hear Petitioner's Section 2241 motion.  The Court agreed, ruling:

> Petitioner was convicted and sentenced by this Court, the United States District Court for the Eastern District of California, in No. CR-F-95-5193 OWW.  At the time Petitioner filed this deemed petition for writ of habeas corpus pursuant to Section 2241, Petitioner was serving his federal sentence at USP Victorville, in Adelanto, California, located in the Central District of California.
>
> In *Hernandez v. Campbell*, 204 F.3d 861 (9th Cir.2000), the Ninth Circuit held:
>
>> Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court ....

> Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.' ....
>
> An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255.  In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court ..., even if the § 2241 petition contests the legality of a sentence by falling under the savings clause ... On the other hand, § 2255 motions must be heard in the sentencing court ....
>
> Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue.  If Hernandez's petition falls under the savings clause so as to be a petition pursuant to § 2241, then only the [custodial court] has jurisdiction.  If the savings clause does not come into play, however, then Hernandez's petition must be construed as a petition under § 2255, such that jurisdiction lies only in the [sentencing court].

204 F.3d at 865.

Because this Court has deemed Petitioner's motion to be a Section 2241 motion pursuant to Section 2255's savings clause, this Court does not have jurisdiction to consider the

>       merits of the Section 2241 motion;
>       jurisdiction lies in the Central District of
>       California, which is the custodial court.

Petitioner's Section 2241 motion was then transferred to the Central District and assigned Case No. CV-F-08-3471 JVS (RZ). The Central District, relying on collateral estoppel, ruled that the "escape hatch" or "savings clause" does not apply to allow Petitioner to proceed pursuant to Section 2241:

>       The current situation satisfies the tests for
>       collateral estoppel.  First, the same two
>       parties, namely Rasheen Fairly and the United
>       States, either *per se* or as a real party in
>       interest, opposed each other in Petitioner's
>       2005 action in this District.  Second, they
>       actually litigated whether Petitioner could
>       collaterally attack his 1990 conviction in a
>       § 2241 habeas action (by qualifying for the
>       'savings clause' of § 2255), among other
>       issues.  Third, this Court's determination
>       that Petitioner could not validly do so was
>       'a critical and necessary part of the
>       judgment' to dismiss the 2005 action.
>       Accordingly, Petitioner was and is estopped
>       from collaterally attacking that
>       determination here, in the Eastern District,
>       or in any other trial court.  (It is not
>       relevant that this Court's 2006 dismissal
>       judgment was 'without prejudice' and did not
>       reach the merits of Petitioner's innocence-
>       based challenge to his 1990 conviction.  What
>       matters is that this Court *did* reach the
>       merits of the 'savings clause' issue.  *See*
>       *Offshore Sportswear*, 114 F.3d at 850-851
>       (party that suffered a dismissal without
>       prejudice in federal district court, based on
>       a forum selection clause, could not re-
>       litigate the forum selection clause *issue* in
>       another trial court, even though the merits
>       of the parties' underlying dispute were not
>       decided in the first dismissal).)
>
>       The United States Attorney in the Eastern
>       District should have been aware of this
>       Court's 2006 rejection of the 'savings
>       clause' eligibility for Petitioner and should

> have brought that rejection to Judge Wanger's attention.  Judge Wanger may well have ruled differently it he had been made aware of that ruling.  Unfortunately, he was not.  But Petitioner nevertheless may not benefit by proceeding in this Court in direct contravention of this Court's own 2006 rulings.
>
> ...
>
> Petitioner has filed essentially the same petition that he filed in 2005.  It remains infirm for the same reasons, excerpted above, that underlay its dismissal in 2006.

Petitioner appealed the dismissal of his Section 2241 petition to the Ninth Circuit.  The Ninth Circuit affirmed the Central District's dismissal on collateral estoppel grounds.  *See Fairly v. United States*, 2010 WL 1274235 (9th Cir., April 5, 2010).

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988).  A federal prisoner may not collaterally attack a federal conviction or sentence by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, *Grady v. United States,* 929 F.2d 468, 470 (9th Cir.1991), unless he can show that the remedy available under Section 2255 is "inadequate or ineffective to test the validity of his detention."  *Hernandez v. Campbell*, 204 F.3d 861, 864-865 (9th Cir.2000).  The AEDPA's filing limitations on successive Section 2255 motions does not render the remedy available under Section 2255 inadequate or ineffective.  *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999).

In *Ivy v. Pontesso*, 325 F.3d 1037 (9th Cir. 2003), the Ninth Circuit held that a petitioner raising a claim of "actual innocence" who is otherwise procedurally barred from raising that claim under Section 2255 may seek relief pursuant to Section 2241

> when the petitioner claims to be: (1) legally innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim. ... In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence my motion under § 2255.  He must never have had the opportunity to raise it by motion.

325 F.3d at 1060.  Similarly, Petitioner cannot avoid the procedural limitations of Section 2255 by invoking the All Writs Act.  "[T]he common law writs survive only to the extent that they fill 'gaps' in the current system of postconviction relief." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir.2001):

> Other circuits have concluded that *audita querela* is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to § 2255 ... We agree with our sister circuits and conclude that a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case there is no 'gap' to fill in the postconviction remedies.
>
> Moreover, we reject Valdez's contention that *audita querela* is available in his case due to the fact that he is precluded from raising his claims in a § 2255 motion by those provisions of the [AEDPA] that limit the rights of a prisoner to file a second or successive motion.  A prisoner may not circumvent valid congressional limitations on

13

|   |   |
|---|---|
| 1 | collateral attacks by asserting that those very limitations create a gap in the |
| 2 | postconviction remedies that must be filled by the common law writs. |
| 3 | *Id.* at 1079-1080. |
| 4 |  |
| 5 | Petitioner attempts to evade the prohibition against second |
| 6 | or successive Section 2255 motions in the absence of prior |
| 7 | authorization by the Ninth Circuit by bringing his petition under |
| 8 | the All Writs Act.  Petitioner asserts: |
| 9 | [T]he court must issue the Writ for Relief From Judgment under the All Writs Act |
| 10 | pursuant to 28 U.S.C. § 1651(a) to avoid an unconstitutional suspension of the writ of |
| 11 | habeas corpus pursuant to U.S. Constitution art. 1, § 9, Cl. 2, and to avoid an Eighth |
| 12 | Amendment constitutional violation of cruel and unusual punishment. |
| 13 | Petitioner contends that his instant petition is not a second or |
| 14 | successive Section 2255 motion.  Petitioner cites *Hill v. State* |
| 15 | *of Alaska*, 297 F.3d 895, 897-898 (9th Cir.2002): |
| 16 | AEDPA does not define the terms 'second or successive.'  The Supreme Court, the Ninth |
| 17 | Circuit, and our sister circuits have interpreted the concept incorporated in this |
| 18 | term of art as derivative of the 'abuse-of-the-writ' doctrine developed in pre-AEDPA |
| 19 | cases .... |
| 20 | Petitioner asserts that his instant petition is not a second or |
| 21 | successive petition under an abuse of the writ analysis because |
| 22 | his petition "supplements a constitutional claim with a colorable |
| 23 | showing of factual innocence that would not be dismissed as an |
| 24 | abuse of the writ."   Petitioner argues: |
| 25 | [T]o ... foreclose review in this case with the AEDPA's second or successive limitations |
| 26 | pursuant to § 2244(b) and § 2255(h) would not |

14

> promote the AEDPA's goal of curbing abuses of the writ and finality, comity, and conservation of scarce judicial resources of the habeas process, but rather the AEDPA limitations would bar habeas review of Petitioner's meritorious factual innocence claim completely under the strict rules of res judicata, which would undoubtedly fall outside the compass of the abuse of the writ doctrine as well as run afoul of the AEDPA's provisions itself.
>
> ...
>
> [C]onsistent with Supreme Court's [sic] precedent and the overwhelming weight of authority it is constitutionally incumbent upon the court to not literally interpret the second or successive provisions to encompass Petitioner's Writ for Relief from Judgment, so that the merits of Petitioner's factual innocence claim is given judicial review under habeas corpus in obviation of potentially disastrous procedural bars inevitably equating to an unconstitutional application of the strict rules of res judicata into habeas corpus and thereby fending off an assault against the abuse of the writ, the AEDPA, and the U.S. Constitution.

Petitioner relies on *Felker v. Turpin*, 518 U.S. 651 (1996), *Lonchar v. Thomas*, 517 U.S. 314 (1996), and *Herrera v. Collins*, 506 U.S. 390 (1993), in arguing:

> [I]f the limitations of the AEDPA fell out side the compass of the abuse of the writ doctrine it would deprive Petitioner of his constitutional right under the Suspension Clause to the privilege of the writ of habeas corpus and in turn violate Petitioner's Eighth Amendment constitutional right not to be punished for a crime for which he is factually innocent.

Petitioner's reliance on these cases is misplaced.  In *Felker*, the Supreme Court held:

> The new restriction on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.' In *McCleskey v. Zant*, 499 U.S. 476 ... (1991), we said that 'the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions.' *Id.* at 489 ... The added restrictions which the [AEDPA] places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a 'suspension' of the writ contrary to Article I, § 9.

518 U.S. at 664.

In *Lonchar*, the Supreme Court held that a Court of Appeals could not dismiss a state prisoner's first federal petition for writ of habeas corpus for special ad hoc equitable reasons not encompassed within the relevant statutes, the Federal Habeas Corpus Rules, or prior precedents.

In *Herrera v. Collins,* a state prisoner whose conviction of capital murder and sentence of death had been affirmed by the state court of appeals and who had been denied habeas corpus by the state court, sought federal habeas corpus relief. The Supreme Court held that a claim of actual innocence based on newly discovered evidence is not a ground for federal habeas relief.

Petitioner also cites *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001), as "providing valuable guidance on how courts should proceed under the circumstances similar to the instant case."

In *St. Cyr*, the Supreme Court addressed the AEDPA and the

Illegal Immigration Report and Immigrant Responsibility Act of 1996 (IIRIRA), which provided that federal courts lacked jurisdiction to review final orders of removal for aggravated felons.  The Supreme Court held that a writ of habeas corpus under Section 2241 was necessary to avoid implicating the Suspension Clause because a regime precluding any judicial review of pure questions of law could be constitutionally suspect under the Suspension Clause.

None of these cases support Petitioner's contention that the instant petition is not a second or successive Section 2255 motion.  Petitioner's claim concerning his 1990 state court conviction has been addressed on the merits by both the Eastern District and the Central District.  Petitioner has had multiple opportunities to raise these claims.  The fact that he has not succeeded does not change these facts.  No exception to the requirement that a second or successive Section 2255 motion must be authorized by the Ninth Circuit is shown.  That Court has refused to authorize a Certificate of Appealability on three at least separate successive petitions and has declined to authorize a second or successive petition.  Petitioner's claim for relief is not one that could not have been brought up earlier as a matter of law, *see Panetti v. Quarterman*, 531 U.S. 930 (2007), it is not a claim where his prior motions were not considered on the merits, *see Slack v. McDaniel*, 529 U.S. 473 (2000), and it is not a challenge to a later failure to grant mandatory parole, *see Hill v. Alaska*, 297 F.3d 895 (9th Cir.2002).

Because Petitioner's petition is a second or successive motion for relief pursuant to Section 2255, Petitioner must first obtain an order from the Ninth Circuit to proceed with his petition. The requirement that he obtain such an order is jurisdictional. *Burton v. Stewart*, 549 U.S. 147 (2007). If a petitioner does not first obtain authorization from the Court of Appeal, the district court lacks jurisdiction to consider the second or successive application. *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir.2009), *cert. denied*, 130 S.Ct. 1718 (2010).

## CONCLUSION

For the reasons stated:

1. Petitioner's Petition for "Writ for Relief from Judgment under the All Writs Act Pursuant to 28 U.S.C. § 1651(a)" is deemed to be a second or successive motion for relief pursuant to 28 U.S.C. § 2255;

2. Petitioner's deemed second or successive motion for relief pursuant to 28 U.S.C. § 2255 is DISMISSED FOR LACK OF JURISDICTION;

3. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   June 28, 2010                              /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE