# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RASHEEN D. FAIRLY,**<br><br>                              **Petitioner,**<br><br>                   **v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>                      **Respondent.** | **1:95-cr-005193 LJO**<br><br>**ORDER DENYING SUCCESSIVE (THIRD) 28 U.S.C. § 2255 MOTION (DOC. 291)** |

On February 23, 2015, Rasheen D. Fairly ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). Doc. 291. Petitioner has already filed two Section 2255 motions. The first, filed October 15, 1998, Doc. 214, was denied on December 14, 1998; the second, filed June 22, 2010, Doc. 268, was denied on June 28, 2010 for lack of subject matter jurisdiction because Petitioner had not obtained leave from the Court of Appeals to file a second Section 2255 motion, Doc. 269.

Petitioner's present motion must be dismissed for the same reason as his second petition. Before this Court can consider a second or successive Section 2255 motion, Petitioner must receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Felker v. Turpin,* 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes,* 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. §

2244[.]")  Petitioner has not shown that he has obtained leave from the Court of Appeals to file a second motion. Thus, this Court lacks jurisdiction to consider Petitioner's third Section 2255 Motion. *See Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

For the reasons set forth above, Petitioner's third Section 2255 Motion is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.

Dated:   **February 25, 2015**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE