UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEEN FAIRLY, | No. 1:95-cr-05193-DAD |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR A WRIT OF CORAM NOBIS |
| UNITED STATES OF AMERICA, | (Doc. No. 300) |
| Respondent. | |

On September 15, 2016, petitioner filed a petition for a writ of *coram nobis*, seeking relief pursuant to the Supreme Court's decision in *Fiore v. White*, 531 U.S. 225 (2001). (Doc. No. 300.)[1] Petitioner was convicted in 1996 in this court of various drug related charges and was sentenced to life imprisonment. (Doc. No. 284 at 2.) Since his original sentencing, petitioner has filed numerous collateral attacks on the validity of his conviction. (*Id.* at 2–4.) The petition for a writ of *coram nobis* now pending before the court does not challenge the validity of petitioner's federal conviction, but rather challenges the validity of prior state court convictions used to enhance, under 21 U.S.C. § 841(b), the sentence he is currently serving and which was imposed as a result of his conviction in this court. (Doc. No. 300 at 1.)

---

[1] In *Fiore* the Supreme Court concluded that the petitioner was entitled to federal habeas relief under 28 U.S.C. § 2254 where he challenged a state court conviction which was based upon conduct that the state statute in question, as properly interpreted, did not prohibit.

1

"The writ of *coram nobis* was available at common law to correct errors of fact." *United States v. Morgan*, 346 U.S. 502, 507 (1954). While Rule 60(e) of the Federal Rules of Civil Procedure expressly abolishes writs of *coram nobis*, nonetheless the writ survives in federal court as a means of collaterally attacking criminal convictions. *United States v. Crowell*, 374 F.3d 790, 794 n.3 (9th Cir. 2004) (explaining the writ of *coram nobis* is available when a petitioner is either not yet or no longer in custody, and therefore cannot challenge his conviction by way of motion filed pursuant to 28 U.S.C. § 2255). "[D]istrict courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). Moreover, a writ of *coram nobis* is available for attacking a prior criminal conviction which suffers from a fundamental error, there exist valid reasons for having not challenged the conviction earlier, and a more usual remedy is not available. *Id.* However, "'[i]t is well settled that the writ of error *coram nobis* is not available in federal court to attack state criminal judgments. A writ of error *coram nobis* can only issue to aid the jurisdiction of the court in which the conviction was had.'" *Martinez v. Lockyer*, 453 F. Supp. 2d 1150, 1152 (C.D. Cal. 2006) (quoting *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir.1982)) (collecting cases).

Here, petitioner seeks to contest the validity of his 1990 state court conviction for selling fake cocaine. (Doc. No. 300 at 2–3.) He does so in the hopes of thereby reducing his sentence in this federal criminal action, since his prior convictions were used to enhance the sentence he received in this court. (Doc. No. 300 at 4) (citing *United States v. Reeves*, 695 F.3d 637 (7th Cir. 2012) for the proposition that constitutionally invalid state convictions cannot be counted to enhance later federal sentences). However, this court may not entertain a petition for a writ of *coram nobis* that seeks to overturn a state conviction since the writ can only issue to aid the jurisdiction of the court in which the challenged conviction occurred. *See Martinez*, 453 F. Supp. 2d at 1152; *see also Casas–Castrillon v. Warden San Diego, Correctional Facility*, 265 Fed. Appx. 639, 639 (9th Cir. Jan. 29, 2008)[2] ("Coram nobis relief is not available in federal court to attack a state conviction."); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir.2003) (collecting

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

cases); *Hinojosa v. Superior Court of California, Orange County*, No. SA CV 12-1294 MRW, 2013 WL 812688, at *1 (Mar. 4, 2013). The 1990 judgment of conviction for selling fake cocaine which petitioner seeks to challenge here was not entered by this court but was instead entered in the Fresno County Superior Court. (Doc. No. 300 at 2–3.)

Accordingly, the pending petition for a writ of *coram nobis* (Doc. No. 300) must be denied.

IT IS SO ORDERED.

Dated: **October 4, 2016**

UNITED STATES DISTRICT JUDGE